IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN BRAME, <br> No. M21607, <br>       Plaintiff, <br><br> vs. <br><br> CHAPLAIN VAUGHN, <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 15-cv-01096-MJR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Shaun Brame is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to Defendant Chaplain Vaughn's alleged interference with Plaintiff's free exercise of his religion in retaliation for a previous lawsuit.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v.*

*Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, at an unspecified time before April 2014, Plaintiff filed a lawsuit—who was sued is not revealed.  In April 2014, Chaplain Vaugh declined Plaintiff's request to be added to the "Passover Commemoration."  A year later, in April 2015, Chaplain Vaughn would not grant Plaintiff's request for a kosher diet.  Vaughn is described as "playing technical games" regarding how Plaintiff filled out the official request form for a religious diet.  Plaintiff attributes both incidents to retaliation by Vaughn because of Plaintiff's prior lawsuit.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:  In April 2014 Defendant Vaughn declined to add Plaintiff to the "Passover Commemoration," thereby prohibiting Plaintiff from freely exercising his religion and retaliating against**

>**Plaintiff for filing a lawsuit—all in violation of the First Amendment; and**
>
>**Count 2:** **In April 2015 Defendant Vaughn refused Plaintiff's request for a kosher diet, thereby prohibiting Plaintiff from freely exercising his religion—all in violation of the First Amendment.**

## Discussion

"[A] prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir 1990). To state a claim under the Free Exercise Clause of the First Amendment, a plaintiff must allege facts to suggest that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Given the liberal notice pleading standard, the complaint sufficiently states First Amendment "free exercise" claims.

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). In order to state a claim for retaliation for exercising one's First Amendment right, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

The allegations state a colorable First Amendment "retaliation" claim. Filing a law suit is activity protected under the First Amendment. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). Being blocked from participating in various aspects of one's religion, could deter one from pursuing legal action. Furthermore, retaliation is suggested by the chronology of events.

Count 1 and 2 state colorable constitutional claims against Chaplain Vaughn.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1 and 2** shall **PROCEED** against Defendant **CHAPLAIN VAUGHN**.

The Clerk of Court shall prepare for Defendant **CHAPLAIN VAUGHN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. Plaintiff's motion for service of summons at government expense (Doc. 4) is **DENIED as moot**.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not

known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See*

28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 28, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**